# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 28. Response to Motion or Court Order

Instructions for this form: http://www.ca9.uscourts.gov/forms/form28instructions.pdf

**9th Cir. Case Number(s)** 23-55580

**Case Name** Stephan & Liza Dean DBA Surefile v Kaiser Foundation Inc, et al.

1. What is your name? Stephan Dean

   (For counsel, which party/parties do you represent?)

2. Describe briefly the motion or court order to which you are responding, such as the title of the motion or the type of response requested in the order.

   Statement explaining why the appeal is not frivoulous and should go forward.

   On what date was the motion or court order filed? 07/06/2023

3. What is your response? Be specific. Include all relevant facts and law that would persuade the court to grant your request. (Attach additional pages as necessary. Your motion may not be longer than 20 pages.)

   Deans, Plaintiffs-Appellants, appeal Doc 31, Order Regarding Fee, Motion to Dismiss, Motion to Strike, dated 03/29/2022.

   Please see attached.

Provide your current mailing address unless registered for electronic filing:

City                    State         Zip Code

Prisoner Inmate or A Number (if applicable)

**Signature** s/Stephan Dean             **Date** 08/02/2023

(use "s/[typed name]" to sign electronically-filed documents)

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 28                                        New 12/01/2018

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## Form 28. Response to Motion or Court Order

### 9th Circ Case Number 23-555580

### Stephan & Liza Dean, DBA Surefile v Kaiser Foundation Healthplan Inc., et al.

This appeal is from a judgment based upon an erroneous application of the parol evidence rule and the court's conflation with the rule governing admission of evidence not to change an agreement (in this case, a prior settlement agreement) but to explain the meaning of one of the terms. The agreement was not only ambiguous on its face (including the phrase "other claims" in the settlement agreement, see Doc 10-4, Exh F, pg 1, ¶3) and the latent ambiguity that could be identified only in the testimony submitted in opposition to both the motion to dismiss and the anti-SLAPP motion. See *Pacific Gas E. Co. v. G.W. Thomas Drayage Etc. Co.*, 69 Cal.2d 33, 69 Cal. Rptr. 561, 442 P.2d 641 (Cal. 1968) ("*PG&E*").

The district court erroneously held as a matter of law that the settlement agreement did not provide as plaintiff (appellant) alleged because the court used the obsolete "plain meaning" test, ignoring the mandatory rule of *PG&E* to admit provisionally evidence as to the meaning of the agreement. While a motion to dismiss is not an evidentiary proceeding, the district court erred in holding that the settlement agreement, on its face, included a prohibition that was not stated anywhere, and holding that any contrary interpretation was meritless because any extrinsic evidence was necessarily parol evidence and would not be admitted.

The patent ambiguity as well as the latent ambiguity were pleaded properly. See Planned *Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828 (9th Cir. 2018) " In defending against an anti-SLAPP motion, if the defendants have urged only insufficiency of pleadings, then the plaintiff can properly respond merely by showing sufficiency of pleadings, and there's no requirement for a plaintiff to submit evidence to oppose contrary evidence that was never presented by defendants. " (or, if the Court disagrees, could be properly alleged in an amended complaint). It is not possible to read into the settlement agreement a nonexistent prohibition on appellant's use of the Kaiser trademarks, and unless the court received the extrinsic evidence, as required by *PG&E*, it would not know that Kaiser deliberately bargained away the right to challenge appellant's use of the trademarks.

The district court, having construed the settlement agreement as a matter of law without even addressing either the patent or the latent ambiguity and having erroneously held that no extrinsic evidence was admissible in view of the court's mistaken view of the parol evidence rule, the court then granted the anti-SLAPP motion because in the court's view, appellee Kaiser attacked only the pleading, so for the same reason as motivated the court to grant the motion to dismiss, the court granted the anti-SLAPP motion, so no extrinsic evidence would be admitted because it was parol.

Beneficial also in the ruling on *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828 (9th Cir. 2018) The district court denied the anti-SLAPP motion.

Because the defendants' arguments under Rule 12 were identical to those in the anti-SLAPP motion, the district court concluded that it need only assess the sufficiency of the plaintiff's complaint. When the defendants raised factual defenses, as is the case at Bar, the district court held questions of fact precluded dismissal.

The Ninth Circuit affirmed the district court's decision and clarified the standards applicable to anti-SLAPP motions in federal courts. Adopting the holding from a previously unpublished decision, the court held that if the anti-SLAPP motion attacks the legal sufficiency of the plaintiff's complaint, a court evaluates the motion using the standard under Rule 12 and Rule 8. Slip. Op. at 11 (discussing Z.F. v. *Ripon Unified School District*, 482 F. App'x 239, 240 (9th Cir. 2012)). If, on the other hand, a defendant's motion attacks the *factual sufficiency* of the claim, "then the motion must be treated as though it were a motion for summary judgment and discovery must be permitted." *Id.* (quoting Z.F., 482 F. App'x at 240). As in Planned Parenthood the District court should have denied the Defendants motions based on Kaiser arguing factual sufficiency of the claim.

This appeal is not only not frivolous, but it also virtually compels reversal. Once the court properly applies the rule of *PG&E* and realizes that the proffered testimony shows dramatically the existence of a bargain by which Kaiser deliberately declined to pay for the very prohibition it now erroneously claims was in the agreement anyway, it will be clear that Kaiser's claimed prohibition not only does not exist in the settlement agreement, but, was specifically omitted as part of the consideration.

Signed this day, August 2, 2023 by:

_____
Stephan Dean

_____
Liza Dean