CASE NO. 23-55580

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

STEPHAN DEAN, et al.,

*Plaintiffs-Appellants,*

v.

KAISER FOUNDATION HEALTH PLAN, INC., et al.,

*Defendants-Appellees*.

---

Appeal from the United States District Court
Central District of California
Case No. 5:22-cv-00278-MCS-KK (Hon. Mark C. Scarsi)

---

**RESPONSE TO APPELLANTS' STATEMENT ON WHETHER THE APPEAL IS FRIVOLOUS AND SHOULD GO FORWARD**

---


SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Jill Pietrini
*jpietrini@sheppardmullin.com*

John Burns
*jburns@sheppardmullin.com*

Paul Bost
*pbost@sheppardmullin.com*

501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone: 619.338.6500

*Attorneys for Defendants and Appellees KAISER FOUNDATION HEALTH PLAN, INC. and KAISER FOUNDATION HOSPITALS*

# I. INTRODUCTION

The appeal by Appellants and Plaintiffs Stephan and Liza Dean ("Deans") raises a single question. In ruling on a motion under California's anti-SLAPP statute challenging the legal sufficiency of a complaint, does the district court err by declining to consider a declaration submitted in opposition to the motion? Under settled law, the answer is *no*. Binding authority *prohibits* the district court from considering such outside evidence. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1156 (9th Cir. 2021).

Appellees and Defendants Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (together, "Kaiser") filed an anti-SLAPP motion that made purely legal arguments challenging the legal sufficiency of the Deans' complaint. It was not error for the district court to follow Ninth Circuit authority and decline to consider Mr. Dean's declaration in opposition. In addition, Mr. Dean's declaration is not relevant to the legal holdings underlying the district court's order, including that the Deans consented to granting the motion by failing to address the legal sufficiency of their breach of contract and interference claims. Finally, Mr. Dean's declaration asserts a legally invalid theory. The district court correctly certified that any appeal would not be taken in good faith. The Deans' appeal should be dismissed.

## II. FACTUAL BACKGROUND

The Deans are former medical record storage contractors for Kaiser. (ECF 1-1 [Complaint], ¶ 6.) A dispute arose between Kaiser and the Deans over their storage contracts. In 2011, the parties entered into a settlement agreement to resolve the dispute. *Id.* at ¶ 9; *see also* ECF 1-1, Exh. 1. The settlement agreement does not discuss trademark rights. (ECF 1-1, Exh. 1.) The settlement agreement has an integration provision, which sets forth that the settlement agreement constitutes the "entire agreement" of the parties and that it "supersedes" any prior negotiations or understandings. *Id*. at ¶ 18.

In 2021, the Deans registered the domain name <kphealthconnectusa.com> and used it to try to sell Kaiser patients' medical information. (ECF 1-1, ¶¶ 17–19.) Kaiser challenged the registration under the Internet Corporation for Assigned Names and Numbers' Uniform Domain Name Dispute Resolution Policy ("UDRP"). *Id*. at ¶¶ 17–19; ECF 11-2, Exh. E (UDRP decision).[1] The UDRP arbitration panel agreed that the domain name registration violated Kaiser's trademark rights and ordered its transfer to Kaiser. *Id*. at 46, 47.

The Deans brought this lawsuit based on Kaiser's pursuit of the UDRP action. (ECF 1-1.) The Deans claimed that, as part of negotiating the settlement

---

[1] The district court took judicial notice of the UDRP decision because it is incorporated by reference into the Deans' complaint. (ECF 31 at 2.)

agreement, the parties discussed a term that would prohibit the Deans from using Kaiser's name or logo. *Id*. at ¶ 11. The Deans demanded more money to agree to the term, and Kaiser did not agree to the demand. *Id.* The Deans therefore claimed that the *lack* of any mention of trademarks in the settlement agreement "constituted a de facto grant of permission" for the Deans *to use* Kaiser's name and logo. *Id*. at ¶ 12. The Deans asserted that they planned to use the challenged domain name, Kaiser trademarks, and Kaiser patient data to start a data broker business. *Id*., ¶¶ 17–44.[2] The Deans claimed that Kaiser's UDRP action breached the settlement agreement and interfered with their prospective business. *Id*. at ¶¶ 26, 41.

Kaiser moved to strike two claims in the complaint under California's anti-SLAPP statute. (ECF 11-1.) Kaiser's motion challenged the legal sufficiency of the Deans' breach of contract and interference claims; it argued that the claims fail as a matter of law. *Id.* at 6. The Deans' opposition to the motion did not defend the legal merit of their contract and interference claims. (ECF 20.) Rather, they *dismissed the claims* and defended their then-remaining declaratory relief cause of action based on the "de facto" permission theory. *Id.* at 3-4, 11-12. Mr. Dean submitted a declaration in opposition to the anti-SLAPP motion, which repeated the theory. (ECF 21-1.)

---

[2] The sale or other use of individually identifiable health information for commercial advantage is a felony. 42 U.S.C. § 1320d–6(b)(3).

The district court granted Kaiser's anti-SLAPP action. (ECF 31.) First, the district court deemed the Deans' failure to address the legal sufficiency of the contract and interference claims as consent to granting the motion. *Id*. at 8. Second, the district court held that the Deans' breach of contract claim also failed because the settlement agreement included no promise or duty that would forbid Kaiser from pursuing the UDRP action. *Id.* Third, the district court held that the Deans' interference claim also failed because the Deans failed to allege facts to support the wrongfulness element of a claim for interference and failed to identify any prospective business relationship with which Kaiser interfered. *Id.* at 9 The Court did not consider Mr. Dean's declaration in opposition to the motion because the motion challenged the legal sufficiency of the complaint. *Id.* at 2.

The Deans appeal on a single ground: they claim the district court should have considered Mr. Dean's declaration in ruling on the anti-SLAPP motion. (ECF 119.) The Deans do not contest the district court's conclusion that their failure to address the legal sufficiency of their breach of contract and interference claims constituted consent to granting the motion. Nor do the Deans challenge the district court's conclusion that they failed to allege facts sufficient to establish the elements of their breach of contract and interference claims. The district court certified that any appeal would not be taken in good faith. (ECF 117.)

## III. THE DEANS' APPEAL IS FRIVOLOUS

The Deans' appeal is frivolous for three reasons: (1) it contradicts clear precedent governing anti-SLAPP motions in this Circuit; (2) the declaration is irrelevant to the reasons for the district court's order granting Kaiser's anti-SLAPP motion; and (3) the theory set forth in Mr. Dean's declaration lacks merit.

### A. The District Court Properly Disregarded Mr. Dean's Declaration.

Kaiser's anti-SLAPP motion challenged only the legal sufficiency of the Deans' claims. It accepted the Deans' allegations in their complaint as true and relied only on documents subject to judicial notice. (ECF 11-1 at 6.) The Deans submitted Mr. Dean's declaration in response to the anti-SLAPP motion, and now argue that the district court erred in declining to consider the declaration. (ECF 21-1.) The Deans are mistaken. Indeed, this Court recently rejected the same argument. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1153 (9th Cir. 2021).

In *Herring*, the defendant's anti-SLAPP motion was "styled as a Federal Rule of Civil Procedure 12(b)(6) motion, asserting a facial attack on [the plaintiff's] complaint." *Id*. at 1153. The plaintiff in *Herring* submitted declarations and exhibits outside of the pleadings in support of its opposition to the motion. *Id*. at. 1154. The Court explained the procedural treatment of anti-SLAPP motions in federal court as follows:

> [W]e review anti-SLAPP motions to strike under different standards depending on the motion's basis. A defendant may move to strike on

> purely legal arguments, in which case we analyze the motion pursuant to Rules 8 and 12. Or a defendant may assert a factual challenge, which invokes the same treatment as a motion for summary judgment, triggering discovery. This interpretation eliminates conflicts between California's anti-SLAPP law's procedural provisions and the Federal Rules of Civil Procedure.

*Id*. at 1155–56 (citations and quotes omitted). Based on this analysis, the Ninth Circuit concluded that, because the defendant's anti-SLAPP motion challenged the legal sufficiency of the plaintiff's complaint, the plaintiff's "reliance on evidence outside of its complaint in defending against the motion was improper and inconsistent with the Federal Rules." *Herring*, 8 F.4th at 1156 & n.1.

Ultimately, "[t]he defendant determines which motions she files, not the plaintiff," and a plaintiff "cannot convert [a defendant's] motion to strike into a motion for summary judgment" by relying on evidence outside the pleadings. *Id.* *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, cited in the district court's order and in the Deans' statement, is in accord. 890 F.3d 828, 834 (9th Cir. 2018) ("If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6).").

The district court followed binding Ninth Circuit authority in declining to consider Mr. Dean's declaration in ruling on Kaiser's anti-SLAPP motion. (ECF 31 at 2). It was not error for the district court to do so. The Deans' argument on appeal is therefore frivolous, and should be dismissed.

### B. The Declaration is Irrelevant to the District Court's Order.

The Deans' appeal is also frivolous because the district court's decision did not depend on anything in Mr. Dean's declaration. Instead, the district court granted Kaiser's anti-SLAPP motion because it deemed the Dean's failure to address the legal sufficiency of the withdrawn contract and interference claims as their consent to granting the motion. (ECF 31 at 8.) The district court also found that the Deans failed to allege facts to substantiate essential elements of their contract and interference causes of action. *Id.* at 8–9. The Deans have not challenged these bases set forth in the district court's order. As a result, even if the district court had erred in declining to consider Mr. Dean's declaration (it did not), the Deans' appeal would fail in any event because the argument is irrelevant to the district court's decision.

### C. The "De Facto" Permission Theory Fails.

Finally, the Deans' appeal is frivolous because the theory advanced in the declaration—i.e., that the Deans gained "de facto" permission to use Kaiser's trademarks because the settlement agreement did not specifically preclude them from doing so—fails as a matter of law.

Under California law, courts will not impute language into an agreement that is not there. *Dameron Hosp. Ass'n v. AAA N. Cal., Nevada & Utah Ins. Exch*., 229 Cal. App. 4th 549, 569 (2014) ("Courts will not add a term about which a contract

is silent." (quotes omitted)); *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) ("When a district court . . . hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims.").

The settlement agreement's integration provision further precludes the theory because it confirms that the settlement agreement "states the entire agreement" and supersedes any prior negotiations. (ECF 1-1, Exh. 1, ¶ 18.) Thus, the Deans' portrayal of the parties' negotiation history of the Settlement Agreement cannot support their arguments. *See Brinderson-Newberg v. Pac. Erectors*, 971 F.2d 272, 277 (9th Cir. 1992) ("parol evidence of terms not specifically included in the written contract is not admissible" when a contract is integrated). Indeed, by statute, the execution of a written contract "supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." Cal. Civ. Code § 1625.

Finally, the Deans complain that the district court "read into the settlement agreement a nonexistent prohibition on appellant's use of the Kaiser trademarks." (ECF 119 at 2.) The Deans appear to argue that Kaiser cannot enforce its trademark rights unless there is a contract allowing it to do so. The Deans' argument is an incorrect statement of trademark law. The holder of a valid trademark possesses the "*exclusive* right to use the mark on the goods and services

specified in the registration." *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999) (emphasis added). Trademark law provides the trademark owner the right to enforce its trademarks. 15 U.S.C. § 1114; 15 U.S.C. § 1125; Cal. Bus. & Prof. Code § 17200. The Deans' argument fails because it is not contract law that gives Kaiser the right to enforce its trademark rights; it is trademark law.

## IV. CONCLUSION

For the foregoing reasons, the Deans' appeal is frivolous and should be dismissed.

Dated: August 11, 2023 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *s/ John Burns*

Jill Pietrini
Paul Bost
John Burns
Attorneys for Defendants
Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that the attached response complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 32(a)(5) and (6). I also certify that, according to the word processing program with which the motion was prepared, the motion contains 1,985 words, excluding the items exempted by Federal Rule of Appellate Procedure 32(f), and that it therefore complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A).

Dated: August 11, 2023 SHEPPARD, MULLIN, RICHTER & HAMPTON llp

By *s/ John Burns*

Jill Pietrini
Paul Bost
John Burns
Attorneys for Defendants
Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

SMRH:4857-4069-2341.1